1 | Paula M. Shaw, Esq. [SBN 116946]
Nicole L. Child, Esq. [SBN 185006]

2 | McDOWELL, MESHOT & SHAW
1655 N. Main Street, Suite 370

3 | Walnut Creek, CA 94596
(925) 210-1300

4

Attorneys for Defendant

5 | INDUSTRIAL LUMBER AND
PLYWOOD, INC.

6

7

8

FILED

2007 AUG 28 P 2: 21

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

12 | MARY HENDRICKSON,

13 |              Plaintiff,

14 | v.

15 | INDUSTRIAL LUMBER AND PLYWOOD
CORPORATION,

16

17 |              Defendant.
_____/

Case No.     C 07-02942 RS

NOTICE OF MOTION AND MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION

Date:     October 10, 2007
Time:     9:30 a.m.
Dept.:    4

BY FAX

18

19 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20 | PLEASE TAKE NOTICE THAT ON October 10, 2007, 2007 at 9:30 a.m., or as soon

21 | thereafter as the matter may be heard in the United States District Court, Northern District of

22 | California, Courtroom 4, located at 280 South First Street, San Jose, California 95113, defendant

23 | INDUSTRIAL LUMBER AND PLYWOOD, INC. (sued erroneously herein as "INDUSTRIAL

24 | LUMBER AND PLYWOOD CORPORATION") will hereby move for an order dismissing this

25 | action on the ground that the Court lacks personal jurisdiction over this defendant.

26 | This motion is made pursuant to Federal Rule of Civil Procedure Section 12(b)(2), and is

27 | based on this Notice of Motion, the Motion and Memorandum of Points and Authorities, the

28

NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

1

Declaration of Kevin Haire, the Declaration of Nicole L. Child, all filed concurrently herewith, and the papers, records and pleadings on file herein, oral argument, and evidence produced at the hearing.

## I. BACKGROUND FACTS

This lawsuit arises out of an accident that occurred on June 8, 2005 in Eagen, Minnesota. Brent Weldon, was driving a vehicle owned by his employer defendant Industrial Lumber and Plywood, Inc. when he was in an accident with a vehicle in which plaintiff Mary Hendrickson was a passenger. Plaintiff resides in California and was apparently visiting Minnesota at the time of the accident.

As a result of the accident, plaintiff is claiming neck, back and eye injuries. Plaintiff received the bulk, if not all, of her medical treatment in California.

Industrial Lumber and Plywood, Inc. is a Minnesota corporation with a principle place of business at 4100 Washington Avenue, Minneapolis, Minnesota. Plaintiff's Complaint, ¶2.

## II. MEMORANDUM OF POINTS AND AUTHORITIES

The Court must have personal jurisdiction over a party in order to render a judgment against them or any other action that imposes an obligation on a party. *Pennoyer v. Neff* (1877) 95 US 714, 720-722. Any judgment against a party by the court without personal jurisdiction is a violation of the party's constitutional right to due process of law. *Burnham v. Super. Ct.* (1990) 495 US 604, 609-610. In general, federal courts do not have nationwide personal jurisdiction over parties. *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.* (1987) 484 US 97, 104-108. In fact, federal courts have no broader power over parties outside the state in which the court is situated than do the local state courts. *Id.* Therefore, in most cases, the applicable state's long arm statutes determine whether the federal court has personal jurisdiction over a party. *Id.*

In California, due process requires an adequate basis for the exercise of personal jurisdiction of a party. There are three traditional bases for the acceptable exercise of personal jurisdiction in California:

1.    The party was served within California;

NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

2

1        2.     The party is domiciled in California; or

2        3.     The party has consented to personal jurisdiction.

3  *Burnham* at 610-611; *Milliken v. Meyer* (1940) 311 US 457, 462-463; see, e.g. *Grammenos v. Lemos*

4  (2nd Cir. 1972) 457 F2d 1067, 1070; *International Shoe Co. v. Washington* (1945) 326 US 310, 316.

5        Plaintiff has failed to allege any facts which would establish any of the three bases above. In

6  the instant case, defendant was not served in California, but rather served by mail in Minnesota.

7  Child Declaration, ¶3. Nor is the defendant domiciled in California. In order for a determination

8  that the defendant is domiciled in California, it must either have been incorporated in California or

9  have its principal place of business in California. 28 USC §1332(c)(1). Neither is true of the

10  defendant. Defendant's principle place of business and its state of incorporation are both in

11  Minnesota. Plaintiff's Complaint, ¶2. With regard to the third basis for personal jurisdiction -

12  consent - defendants have not consented to personal jurisdiction in this matter.

13        Without any of the three traditional bases for jurisdiction outlined above, due process

14  requires that the defendant must have sufficient "minimum contacts" California "such that the

15  maintenance of the suit does not offend traditional notions of fair play and substantial justice."

16  *International Shoe* at 158. Plaintiff has likewise failed to allege any facts which would establish any

17  contacts with California, much less activities which would constitute "minimum contacts".

18        Proper service of the complaint on the defendant alone does not mean that the Court personal

19  jurisdiction over the defendant. The defendant must still have the requisite "minimum contacts"

20  within California. *Greenspun v. Del E. Webb Corp.* (9th Cir. 1980) 634 F2d 1204, 1207.

21        Minimum contacts can either be based on "substantial, continuous and systematic" activities

22  based in California (for general jurisdiction), or based on a purposeful direction of activities towards

23  the state (for limited jurisdiction). General jurisdiction allows a court to exercise jurisdiction over a

24  party as to any cause of action, even if it is unrelated to the party's activities within the state. *Perkins*

25  *v. Benguet Consolidated Mining Co.* (1952) 342 US 437, 445. Since defendant has no "substantial,

26  continuous and systematic" activities in this State, general jurisdiction in this case is not an issue.

27        Limited jurisdiction allows a court to exercise jurisdiction over a party with regard to claims

28  NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

1  related to its activities in the State. *Doe v. National Medical Services* (10th Cir. 1992) 974 F2d 143,

2  145. This requires a showing that:

3        1.    The defendant purposefully directed its activities towards the residents of the state or

4              otherwise established contacts with the state;

5        2.    The plaintiff's cause of action arises out of or results from those contacts; and

6        3.    The exercise of jurisdiction is reasonable and comports with "fair play and substantial

7              justice." *Burger King Corp. v. Rudzewicz* (1985) 471 US 462, 477-478.

8        Defendant Industrial Plywood and Lumber, Inc. does not have any activities in California.

9  Defendant is a local seller of lumber and plywood in Minnesota. Haire Declaration, ¶2. As

10  indicated above, defendant is not domiciled in California. In addition, defendant is not qualified or

11  registered to do business in California. Haire Declaration, ¶3. Defendant does not have any

12  subsidiaries which are qualified or registered to do business in California. Haire Declaration, ¶3.

13  None of defendant's officers or directors live or are domiciled in California, and it does not have any

14  Californians acting on its behalf with respect to the business. Haire Declaration, ¶5. The officers,

15  board members and shareholders do not conduct meetings in California. Haire Declaration, ¶9.

16  Defendant does not maintain any offices in California. Haire Declaration, ¶6. Nor does defendant

17  have any bank accounts or any other property, real or tangible, in California. Haire Declaration, ¶7.

18  Defendant does not advertise in California, or advertise in any publications that are available in

19  California. Haire Declaration, ¶8. And finally, the accident did not even occur in California. Haire

20  Declaration, ¶10.

21        Given the above, personal jurisdiction over defendant would be a violation of due process.

22        Plaintiff appears to have confused the principles of **personal jurisdiction** with **venue**. In her

23  complaint, she appears to rely on the fact that she is a resident of California and that all of her

24  treating health care providers are in California. By implication she is arguing that California would

25  be a more convenient venue. However, venue and personal jurisdiction are two different issues, and

26  a court cannot proceed without personal jurisdiction, even if venue would have otherwise been

27  proper. *Threlkeld v. Tucker* (9th Cir. 1974) 496 F2d 1101, 1103-1104.

28  NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

1

### III. CONCLUSION

2      Defendant does not have the requisite "minimum contacts" that would allow this Court to

3  exercise personal jurisdiction over it.  For that reason, the defendant requests that this Court dismiss

4  plaintiff's action against it.

5  Dated: August 28, 2007                     McDOWELL, MESHOT & SHAW

6

7

8                                             Nicole L. Child, Esq.
                                              Attorneys for Defendant, INDUSTRIAL
9                                             LUMBER AND PLYWOOD, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

5

PROOF OF SERVICE

I, Inez M. Davenport, declare as follows:

I am a citizen of the United States, I am over the age of eighteen (18) years and not party to this action; and my business address is 1655 N. Main Street, Walnut Creek, CA 94596.

On the date set forth below, I served the within: NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

__xxx__          **by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Post Office box at Walnut Creek, California, addressed as set forth below.**

_____          by having a true copy thereof personally delivered to the person(s) at the address(s) as set forth below.

_____          by sending a copy via Facsimile to the person(s) at the Facsimile number(s) as set forth below.

David J. Bennion, Esq.
Law Offices of David J. Bennion
95 South Market Street, Suite 360
San Jose, CA 95113
Tele: (408) 298-1948; Fax: (408) 298-1977

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August ___28___ , 2007 in Walnut Creek, California.

_____
Inez M. Davenport

NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF
PERSONAL JURISDICTION

6